IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JACQUELYN DENISE SIMS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:08-1114 |
| | ) | Judge Campbell / Knowles |
| v. | ) | |
| | ) | |
| MATTHEW WALKER COMPREHENSIVE | ) | |
| HEALTH FACILITY, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Pending before the Court is Defendant's Motion To Dismiss for failure to prosecute, pursuant to Fed. R. Civ. P. 41(b). Docket No. 43. Defendant has contemporaneously filed a Memorandum of Law with Exhibits in support of that Motion. Docket Nos. 44 - 44-7.[1]

Plaintiff has not responded to the instant Motion.[2]

Plaintiff initially filed this case pro se, but later retained counsel. Docket Nos. 1, 22. Subsequent to Plaintiff's retaining counsel, the parties filed a Joint Motion to Modify Scheduling Order (Docket No. 34), which the undersigned granted on October 19, 2009 (Docket No. 35). The amended scheduling order set the new discovery deadline for February 1, 2010. Docket No. 35.

---

[1] Also pending before the Court is Defendant's Motion for Summary Judgment. Docket No. 45. Because the undersigned recommends that Defendant's Motion to Dismiss be GRANTED, the undersigned will not analyze Defendant's Motion for Summary Judgment, as it should be DENIED as MOOT.

[2] Plaintiff has likewise failed to respond to Defendant's Motion for Summary Judgment.

1

On November 13, 2009, Plaintiff's counsel filed a Motion to Withdraw because Plaintiff had sent him a letter asking him to withdraw and all his subsequent attempts at contacting Plaintiff had been unsuccessful. Docket No. 36. The Court reserved ruling on that Motion until Plaintiff's counsel had filed a notice indicating that he had provided Plaintiff with ten (10) days notice of his intent to withdraw. Docket No. 37. Plaintiff's counsel filed the requisite Notice on December 21, 2009 (Docket No. 38) and filed a Second Motion to Withdraw on January 14, 2010 (Docket No. 39), which the Court granted the same day (Docket No. 40). The Court advised Plaintiff that she had until February 15, 2010 to retain new counsel or she would be considered to be proceeding pro se. Docket No. 40. Plaintiff did not retain new counsel.

Because the discovery deadline was February 1, 2010 (Docket No. 35), Defendant noticed Plaintiff's deposition to her then-counsel on January 13, 2010, setting Plaintiff's deposition for January 25, 2010 (Docket No. 44-1). Since the Court granted Plaintiff's counsel's Second Motion to Withdraw on January 14, 2010 (Docket No. 40), Defendant sent a letter directly to Plaintiff reminding her of her deposition date (Docket No. 44-2). Plaintiff failed to appear at her deposition, and failed to give Defendant notice that she would not be appearing. Docket No. 44-3. Defendant unsuccessfully attempted to contact Plaintiff by telephone. *Id.*

On January 25, 2010, after Plaintiff failed to appear for her deposition, Defendant sent a letter to Plaintiff via U.S. and registered mail seeking to reschedule her deposition prior to the February 1, 2010 discovery deadline. Docket No. 44-4. Plaintiff failed to respond to that letter.

On January 29, 2010, Defendant retained a process server to hand-deliver a letter to Plaintiff seeking to reschedule her deposition. Docket No. 44-5. The process server delivered the January 29, 2010 letter to Plaintiff on January 30, 2010. Docket No. 44-6. Plaintiff accepted delivery of the letter, acknowledged receipt of the other correspondence from Defendant, and

stated to the process server that she was "working on someone to handle this" for her. *Id.*
Plaintiff has not responded to any of the letters Defendant has sent her.

As has been noted, Defendant seeks dismissal of this action for failure to prosecute, pursuant to Fed. R. Civ. P. 41(b). Fed. R. Civ. P. 41(b) states as follows:

> **(b) Involuntary Dismissal; Effect.** If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

The Sixth Circuit employs the following four factor test when determining whether dismissal for failure to prosecute is appropriate.

> (1) whether the party's failure is due to willfulness, bad faith, or fault;
>
> (2) whether the adversary was prejudiced by the dismissed party's conduct;
>
> (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and
>
> (4) whether less drastic sanctions were imposed or considered before dismissal of the action.

*See Mulbah v. Detroit Bd. Of Educ.*, 261 F.3d 586, 589 (6th Cir. 2001).

In the case at bar, Plaintiff did not attend her deposition or respond to any communication with counsel for either side, whether by telephone or by mail. Plaintiff has offered no explanation for her behavior. Plaintiff bears the burden of proving that her failure to prosecute is due to inability, not willfulness or bad faith. *U.S. v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002). Plaintiff has not met her burden.

With regard to whether Defendant was prejudiced by Plaintiff's conduct, the discovery

3

deadline in this action has now passed.  Plaintiff's failure to appear for her deposition and refusal to communicate with Defendant's counsel has resulted in Defendant being foreclosed from taking Plaintiff's deposition or conducting further discovery involving her.  Defendant asserts that Plaintiff's deposition was critical to his defense.  Defendant has therefore been prejudiced by Plaintiff's conduct.

With respect to whether Plaintiff was warned that failure to cooperate could lead to dismissal of her action, this Court expressly notified Plaintiff that "this action may be dismissed if she fails to comply with the instructions of the Court."  Docket No. 4.  Plaintiff has failed to comply with the deadline instructions set forth in documents throughout this case.

While the Court has not imposed or considered less serious sanctions than the dismissal of this case, the undersigned has considered Plaintiff's actions and inactions.  Given Plaintiff's dismissal of her attorney and refusal to subsequently communicate with him, failure to retain subsequent counsel, failure to communicate with Defendant's counsel, failure to attend her properly noticed deposition, and failure to reschedule that deposition, the undersigned concludes that imposing less drastic sanctions would be futile.  Plaintiff has not taken any steps to prosecute her case.

Moreover, not only has Plaintiff failed to attend her deposition and failed respond to Defendant's letters, she has failed to respond to the instant Motion as well.[3]  Local Rule 7.01(b) states, in pertinent part:

> **b. Response.**  Each party opposing a motion shall serve and file a response, memorandum, affidavits and other responsive material not later than fourteen (14) days after service of the motion,

---

[3]Plaintiff has also failed to respond to Defendant's pending Motion for Summary Judgment.

4

> except, that in cases of a motion for summary judgment, that time
> shall be twenty-one (21) days after the service of the motion,
> unless otherwise ordered by the Court. Failure to file a timely
> response shall indicate that there is no opposition to the motion.

Pursuant to Local Rule 7.01(b), Plaintiff's failure to respond indicates that there is no opposition to Defendant's Motion.

Finally, it should be noted that Plaintiff, acting pro se, filed a "Notice of Nonsuit" on March 29, 2010. Docket No. 48. The body of that Notice states, "Comes now the Plaintiff Jacqueline Denise Sims, pursuant to F.R.C.P. 41(a)(1), and files her Notice of Voluntary Dismissal." *Id.* Defendant filed a "Motion to Strike" the Notice of Voluntary Dismissal, arguing that Plaintiff did not have the unilateral right to voluntarily dismiss her case under Fed. R. Civ. P. 41(a), because Defendant had already filed a Motion for Summary Judgment. Docket No. 50. Judge Campbell subsequently entered an Order agreeing with Defendant's position and stating, "the Court declines to sign Plaintiff's proposed Order or dismiss this action at this time." Docket No. 51.

Accordingly, for the reasons discussed above, the undersigned recommends that Defendant's Motion to Dismiss for failure to prosecute be GRANTED. Additionally, as has been noted, because the undersigned recommends that Defendant's Motion to Dismiss for failure to prosecute be GRANTED, the undersigned further recommends that Defendant's pending Motion for Summary Judgment be DENIED as MOOT.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any

response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

```
_____
E. Clifton Knowles
United States Magistrate Judge
```